(No. 75-1040—

CHARLES J. KOLKER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 21, 1977.*

CHARLES J. KOLKER, Pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POLOS, C. J.

Claimant Charles J. Kolker and Respondent have asked the Court to rule on this case on the basis of a joint stipulation of facts and the departmental report herein. The Claimant is a licensed attorney, who had rendered services to the Illinois Fair Employment Practices Commission as a hearing examiner. The Illinois Fair Employment Practices Commission was unable to pay Claimant's billing for services rendered because the volume of complaints filed with the Commission rendered the appropriation made for that purpose inadequate. The State recognizes the validity of this claim, but questions whether it may be paid in view of the absence of an unexpended portion of any appropriation at the time it was incurred.

Although the Constitution of 1870 has now been superceded, and the instant claim arose subsequent to the effective date of the Constitution of 1970, the decisions interpreting Article IV, Sec. 19 of the Constitution of 1870 are still pertinent in view of the essential similarity of that provision with Ill.Rev.Stat., Ch. 127, § 166 which is still in full force and effect. Both forbid the State to incur debts in excess of money appropriated unless expressly authorized by law:

The General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after

service has been rendered or a contract made, or authorize the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void; *provided,* the General Assembly may make appropriations for expenditures incurred in supressing insurrection or repelling invasion. Art. IV, Sec. 19, Constitution of Illinois 1870.

No officer, institution, department, board or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, unless expressly authorized by law. Ill.Rev.Stat., Ch. 127, §166.

The leading cases on the question of whether an expenditure may be honored in excess of an appropriation are *Fergus v. Brady,* 277 Ill. 272; and *Board of School Inspectors of the City of Peoria v. State,* 12 Ill.Ct.Cl. 17.

The following quotation from *Fergus v. Brady,* is particularly appropriate to the question of when an expenditure is "expressly authorized by law":

In Sec. 19, claims under an agreement or contract made by express authority of law are excepted, and if there is some particular and specific thing which an officer, board or agency of the state is required to do, the performance of the duty is expressly authorized by law. That authority is express which confers power to do a particular, identical thing set forth and declared exactly, plainly and directly, with well defined limits, and the only exception under which a contract exceeding the amount appropriated for the purpose may be valid is where it is so expressly authorized by law. An express authority is one given in direct terms, definitely and explicitly, and not left to inference or to implication, as distinguished from authority which is general, implied or not directly stated or given. An example of such express authority is found in one of the deficiency appropriations to the Southern Illinois Penitentiary which had been paid, and serves only as an illustration. The authorities in control of the penitentiary are required by law to receive, feed, clothe and guard prisoners convicted of crime and placed in their care, involving the expenditure of money which may vary on account of the cost of clothing, food and labor beyond the control of the authorities, and which could not be accurately estimated in advance for that reason or by determining the exact number of inmates. *Fergus v. Brady,* 277 Ill. 272, at 279.

*Board of School Inspectors v. State* involved a suit by the City of Peoria for reimbursement of expenses incurred in the education of crippled children. The City had incurred the expenses after the Illinois Legislature

enacted a statute providing for reimbursement of the expenses incurred by school districts or others in the education of crippled children. In passing the statute the legislature provided for $100,000 to defray this expense, but the response was so overwhelming that the expenses of the various school districts far exceeded the $100,000. The claims of the various school districts were prorated, and the City of Peoria brought suit for the excess over and above their prorated share. The Court, citing *Fergus v. Brady,* held that the City of Peoria had no claim to any further reimbursement as the expenditure was not one "expressly authorized by law" in that it was not compulsory that the counties provide the education for these crippled children. The Court pointed out that many school districts throughout the State did not choose in participate in the program.

It is inherent in the administration of State government that expenditures should not exceed appropriations. Only where the spending agency is compelled by circumstances and law to obligate the State can an obligation in excess of any appropriation be honored. Without strict and well enforced guidelines, the spending of State officials could become rampant.

The drafters of the Constitution of 1970 were fully cognizant of this situation when they drafted Article VIII, Sec. 1. They provided two requisites for spending public funds: it must be for a "public purpose," and it must be "only as authorized by law":

Section 1. General provisions

(a) Public funds, property or credit shall be used only for public purpose.

(b) The State, units of local government and school districts shall incur obligations for payment or make payments from public funds only as authorized by law or ordinance.

Further Ill.Rev.Stat., Ch. 127, §166 remains in full force and effect and retains the restrictive phrase "expressly authorized by law."

Thus, the issue before us is whether the expenditures of the Fair Employment Practices Commission for hearings and records thereof, were absolutely or expressly required by law. Was the obligation analogous to the situation where the prison officials had no choice but to feed, clothe and house the prisoners assigned to their care?

We conclude, after a careful reading of the Fair Employment Practices Act, Ill.Rev.Stat., Ch. 48, §851, *et. seq.*, that the Commission was required by law to provide hearings for complainants and was thus required by law to make the expenditure which is the subject of this action. The instant expenditure therefore comes within the narrow exception delineated in *Fergus v. Brady*.

Claimant Charles J. Kolker is therefore awarded the sum of Seven Hundred Sixteen and 75/100 Dollars ($716.75).